UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROGER DALE ADKINS,** | ) | Case No. 5:11 CV 1793 |
| | ) | |
| **Plaintiff,** | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| **JOHN KASICH,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Roger Dale Adkins filed this action under "the Indian Treaty" against Ohio Governor John Kasich, Ohio Attorney General Mike DeWine, Ohio Department of Transportation ("ODOT") Director Jerry Wray, City of Wooster Mayor Bob Breneman, Wayne County Sheriff Thomas G. Maurer, Wayne County Common Pleas Court Judge Mark K. Wiest, Wayne County Commissioner Ann M. Obrecht, Wayne County Commissioner Scott S. Wiggam, Wayne County Commissioner Jim Carmichael and Wooster Police Chief Steven D. Glick. In the Complaint, Plaintiff alleges the Defendants are attempting to evict him from public land upon which he has been dwelling. He seeks an Order from the Court enjoining the eviction action currently pending in state court and enjoining the Defendants from pursuing other attempts to evict him from the land.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

I.  **BACKGROUND**

Plaintiff and several other homeless people began to occupy an area of land

adjacent to US Route 30 in Wooster, Ohio in 2006. Title to this land belongs to the State of Ohio, which acquired it in 1959 as part of an ODOT project. Plaintiff indicates he decided "to exercise the 'Indian Treaty' that allows [him] the right of occupancy on open and controlled Federal lands extinguishable only by the United States." ECF No. 1 at 2. He alleges the land in question is "now considered to be temporal Chickahominy Tribal land."[1] Plaintiff and the other occupants set up a "tent city" on this land, and began to reside there without the permission of the State of Ohio.

In June 2011, the State of Ohio decided to evict Plaintiff and the other residents of the tent city from this parcel. Two Wooster City police officers came onto the land and informed the occupants that they were trespassing. Plaintiff informed them of his "rights under the Indian Treaty" and was told he would be arrested if he was still on the land when they returned. Plaintiff went to the Wayne County Courthouse to plead his case, but he claims Judge Weist ordered deputies to remove him if he did not leave voluntarily. He attempted to go to the prosecutor's office in the same building and was removed. The Sheriff, the Wooster Chief of Police, and the Wooster Mayor offered no assistance to him.

Ohio Attorney General Mike DeWine through his Assistant filed a Complaint for Ejection and Civil Trespass against the "unknown Person occupying State of Ohio Right of Way Bounded by US 30, Madison Avenue, and Timken Road Address Unknown." Service by publication was perfected and Plaintiff entered an appearance as a defendant in that action on August 29, 2011. The case is still pending. *See Ohio Dep't of Transp. v. Unknown Person*, No.

---

[1] The Chickahominy people are Native Americans whose ancestors lived around the Chickahominy River near Jamestown, Virginia. They eventually moved to an area called Chickahominy Ridge, between Richmond and Williamsburg, Virginia. *See* http://www.cied.org/index.aspx; http://www.chickahominytribe.org and http://www.charlescity.org/chickahominy-tribe.shtml. There is no indication that they ever lived in Ohio.

2

11-CV-387 (Wayne Cty Ct. Comm. Pl. filed June 24, 2011). Plaintiff asks this Court to intervene in that case and to enjoin it. He also requests that the Court issue injunctions against the Ohio Attorney General, the Ohio Governor, the Director of ODOT, the Wooster Mayor, the Wayne County Sheriff, the Wayne County Commissioners, Judge Weist, and the Wooster Police Chief to prevent them from filing or enforcing future actions pertaining to his occupation of the land.

## II.   STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl.*

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. ANALYSIS

#### A. No Federal Subject Matter Jurisdiction

As an initial matter, there is no suggestion in Plaintiff's Complaint that this Federal Court has jurisdiction to entertain this action. The only legal authority cited by Plaintiff as the basis for federal jurisdiction is "the Indian Treaty." There are over 700 treaties between European settlers and various Native North American tribes. Plaintiff does not specify a particular treaty on which he relies. He does not demonstrate that a private right of action exists under that treaty. Moreover, nowhere in the Complaint does he say that the land to which he laid claim was once occupied by the Chickahominy people, that he is a member of that tribe, and that the land he has chosen to occupy was the subject of the treaty to which he refers.

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990), and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8.

This case is, in essence, an eviction action based on Ohio law, involving land

located within the State of Ohio and titled to the State of Ohio. All of the parties appear to be Ohio residents. Plaintiff's citation to "the Indian Treaty" is insufficient to transform this state law matter into a federal cause of action. There is no indication in the Complaint that this Court has subject matter jurisdiction to entertain this case. On that basis alone, dismissal is required.

  **B. Younger Doctrine**

    Furthermore, even if Plaintiff had sufficiently established a federal claim to support jurisdiction, this Court cannot grant the relief he requests. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

    All three factors supporting abstention are present in this case. The matters presented in the Complaint are clearly the subject of a state court ejection and trespass action.

There is an important state interest in adjudicating the ownership interests of real property located within a state. *See generally Shaffer v. Heitner*, 433 U.S. 186, 207-208 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property"); *Borkowski v. Fremont Inv. and Loan of Anaheim, Cal.*, 368 F.Supp.2d 822, 828 (N.D.Ohio 2005); *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003) (finding that *Younger* abstention was required in plaintiff's challenge to a state court foreclosure action). Finally, the third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When the Plaintiff has not attempted to present his federal claims in the state-court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claim asserted by Plaintiff in this federal lawsuit is barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in the pending state court Ejection and Trespass action.

## IV. **CONCLUSION**

For all the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: September 27, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.